UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

UNION INSURANCE COMPANY,

                              Plaintiff,

    -against-                                           1:19-CV-1596 (LEK/CFH)

JAGDAMBA III d/b/a GOLDEN
CORRAL OF QUEENSBURY,
*et al.*,

                              Defendants.

## **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

On December 20, 2019, Plaintiff Union Insurance commenced this action against Jagdamba III and Edward Kenna (collectively, "Defendants"). Dkt. No. 1 ("Complaint"). Plaintiff alleges that Jagdamba failed to cooperate with Plaintiff, its general liability insurer, in the investigation of a personal injury claim from Kenna that occurred on Jagdamba's property. Dkt. No. 1 ("Complaint") at 5–6. Plaintiff sought a declaration that Jagdamba breached its duty to cooperate and that Plaintiff was relieved of its duty to defend and indemnify Jagdamba in connection with Kenna's personal injury claim. <u>Id.</u> Having obtained a certificate of default against Defendants, Dkt. No. 10, Plaintiff now moves for default judgment against Defendants and for the declaratory relief requested in its Complaint. Dkt. No. 12 ("Motion") at 5–6.[1] Defendants have not submitted a response to the Motion. For the reasons that follow, Plaintiff's Motion is granted in part and denied in part.

---

[1] The page numbers cited herein from Plaintiff's Motion are those assigned by the Court's electronic filing system, CM/ECF.

## II.   BACKGROUND

The following facts, alleged in the Complaint, are assumed to be true. See Rolex Watch, U.S.A., Inc. v. Pharel, No. 09-CV-4810, 2011 WL 1131401, at *2 (E.D.N.Y. Mar. 11, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim.").

Plaintiff issued a commercial package policy to Jagdamba for the policy period of August 5, 2017 to August 5, 2018. Compl. at 2; Dkt. No. 1-1 ("Policy"). The Policy provides commercial general liability coverage for "bodily injury" and "property damage" arising during the policy period from an "occurrence" subject to the terms, conditions, exclusions and definitions within the Policy. Compl. at 2 (quoting Policy at 160). The Policy's cooperation clause requires the insured to cooperate in the investigation, settlement, and defense of any suit. Id. Specifically, section IV.2.c of the Policy provides that in the event of an occurrence, offense, claim or suit:

> c. You and any other involved insured must
>
> > (1) Immediately send [Plaintiff] copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
> >
> > (2) Authorize [Plaintiff] to obtain records and other information;
> >
> > (3) Cooperate with [Plaintiff] in the investigation or settlement of the claim or defense against the "suit"; and
> >
> > (4) Assist [Plaintiff[, upon [Plaintiff's] request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

Id. at 3 (quoting Policy at 170).

On July 16, 2018, Kenna presented a claim to Plaintiff for damages he allegedly sustained as a result of a trip-and-fall accident that occurred on July 10, 2018 in the parking lot of a Golden Corral restaurant in Queensbury, New York, which Plaintiff believes is owned and/or operated by Jagdamba. Id. On May 1, 2019, Kenna's attorneys interposed a settlement demand in the amount of $325,000. Compl. at 3 (citing Dkt. No. 1-2).

Since receiving notice of Kenna's claim, Plaintiff has attempted to secure Jagdamba's cooperation in its investigation. Id. Plaintiff attests that it sent at least six emails, four letters, and one text message, and called Jagdamba five times. However, Jagdamba failed to provide Plaintiff with even the basic information necessary to investigate Kenna's claim. Id. at 3–5. Plaintiff's letters reminded Jagdamba of its obligation to cooperate under the Policy and warned Jagdamba that Plaintiff would commence a declaratory judgment action if Jagdamba refused to cooperate. Id. at 5. Plaintiff provides copies and proof of delivery of two of the letters. Id. (citing Dkt. Nos. 1-6, 1-7).

On December 20, 2019, Plaintiff filed this action seeking declarations that Jagdamba breached its duty to cooperate under the Policy and that Plaintiff was relieved of its duty to defend and indemnify Jagdamba. Id. at 5–6.

The summons and Complaint were served on Jagdamba on January 10, 2020. Dkt. No. 4. To date, Jagdamba has not responded to the Complaint. Plaintiff requested, and the Clerk of the Court entered, a certificate of default against Jagdamba. Dkt. No. 10.

The summons and Complaint were also served on Kenna on March 4, 2020. Dkt. No. 6. To date, Kenna has not responded to the Complaint. Plaintiff requested, and the Clerk of the Court entered, a certificate of default against Kenna. Dkt. No. 10.

Plaintiff now moves for default judgment against Defendants. See Mot. Plaintiff alleges that under New York law, Jagdamba's failure to cooperate is a breach of a significant condition of the insurance policy that frustrates Plaintiff's ability to investigate and defend the underlying insurance claim. Id. at 5. According to Plaintiff, this vitiates its duty to defend or indemnify Jagdamba and, thus, Plaintiff requests that the Court issue declarations that (1) Jagdamba breached its duty to cooperate under the relevant insurance policy, and (2) Plaintiff has no legal or contractual obligation to defend or indemnify Jagdamba in connection with Kenna's personal injury claim or any resulting lawsuit.

## III.   LEGAL STANDARD

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." Priestly v. Headminder, Inc., 647 F.3d 497, 504 (2d Cir. 2011). First, under Federal Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Second, under Rule 55(b), the plaintiff may apply for entry of default judgment by the clerk "[i]f the plaintiff's claim for a sum is certain," or by the court "[i]n all other cases." Fed. R. Civ. P. 55(b)(1)–(2); see also N.D.N.Y. L.R. 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment,

and a copy of the pleading to which no response has been made. The moving party shall also include in its application an affidavit of the moving party or the moving party's attorney setting forth facts as required by L.R. 55.2(a).").

"Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(a)(3).

## IV.   DISCUSSION

### A. Plaintiff's Entitlement to a Default Judgment

The Court first analyzes whether Plaintiff has met the procedural requirements to obtain default judgment under Federal Rule 55(b)(2) and Local Rule 55.2(b). Defendants were properly served with the Complaint, Dkt. Nos. 4, 6, and failed to answer or otherwise respond to the Complaint within the twenty-one days allowed under Federal Rule 12(a)(1). Fed. R. Civ. P. 12(a)(1)(i). Plaintiff then properly requested a clerk's entry of default pursuant to Federal Rule 55(a), Dkt. No. 9, and received a clerk's entry of default, Dkt. No. 10. Plaintiff then moved for default judgment under Federal Rule 55(b), see Mot., and Defendants have filed no response. Plaintiff's Motion includes an affidavit from its attorney setting forth facts as required by Local Rule 55.2(a) and the other documents required under Local Rule 55.2(b). See Mot., Ex. A–M. Plaintiff, therefore, has met the procedural requirements for an order of default under Federal Rule 55(b)(2) and Local Rule 55.2(b).

Having determined that Plaintiff has met the procedural requirements, the Court turns to the question of whether it should enter a default judgment. By failing to appear in this action or respond to Plaintiff's Complaint, Defendants are deemed to have admitted to the factual allegations in the Complaint with respect to liability. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."). However, the ultimate decision as to whether to grant default judgment is "left to the sound discretion of [the] district court." Shah v. New York State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999) (citation omitted). Even where a defendant has admitted all well-pleaded facts in the complaint by virtue of default, a district court "need not agree that the alleged facts constitute a valid cause of action," and may decline to enter a default judgment on that ground. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011). Indeed, the Second Circuit has "suggested that, prior to entering default judgment, a district court is 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" Id. (quoting Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009)).

1. *Jagdamba's Liability*

The allegations in the Complaint are sufficient to establish Jagdamba's breach of the Policy as a matter of law. "Under New York law, where an insured's cooperation is required under the relevant policy, the deliberate failure of the insured to cooperate with the insurer is a breach of a significant condition precedent of the policy which bars the insured's recovery under the policy . . . as well as the insurer's duty to defend." Columbus McKinnion Corp. v. Travelers Indem. Co., 367 F. Supp. 3d 123, 152 (S.D.N.Y. 2018) (internal quotation marks and citations

omitted). To disclaim coverage based on the insured's lack of cooperation, the insurer must demonstrate that: (1) it acted diligently in seeking to bring about the insured's cooperation; (2) the efforts employed by the carrier were reasonably calculated to obtain the insured's cooperation; and (3) the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction. Thrasher v. U.S. Liab. Ins. Co., 19 N.Y.2d 159, 168 (N.Y. 1967). The first two prongs of the Thrasher test are satisfied when an insurer sends numerous correspondences to the insured regarding its obligations under the policy and specifically informs the insured that the failure to cooperate will result in a material breach of the policy. See Fernandez v. Phila. Indem. Ins. Co., No. 16-CV-2533, 2018 U.S. Dist. LEXIS 8957, at *13 (S.D.N.Y. Jan. 19, 2018).

  Here, Plaintiff satisfies all three prongs of the Thrasher test. Plaintiff made at least fifteen attempts through phone calls, emails, text messages, and letters over the course of a year in an attempt to bring about Jagdamba's cooperation. Compl. at 3–5. Plaintiff's four letters informed Jagdamba that its continued failure to cooperate would result in a material breach of the Policy, and Plaintiff submitted proof of delivery for two of these letters. Dkt. Nos. 1-6, 1-7. Thus, Plaintiff's attempt to communicate with Jagdamba and its letters that informed Jagdamba of its obligations under the Policy satisfy prongs (1) and (2) of the Thrasher test. For the third prong, Plaintiff concedes that Jagdamba's designated contact person, Arther Hepler, initially suggested that he was actively attempting to obtain the information Plaintiff requested. Mot. at 11–12. Plaintiff adds that later, both Hepler and Jagdamba's owner were impossible to reach. Id. Hepler's initial promise to cooperate does not equate to meaningful cooperation. See Countrywide Ins. Co. v. Preferred Trucking Services Corp., 22 N.Y.3d 571, 573 (N.Y. 2014)

(holding that the insured failed to cooperate when the company's president initially expressed a willingness to cooperate, but later proved impossible to reach). Hepler, and Jagdamba generally, were unresponsive to Plaintiff's numerous attempts of communication which obstructed Plaintiff's efforts in investigating Kenna's claim. See In re New South Ins. Company/GMAC Ins., 39 A.D.3d 1110 (N.Y. App. Div. 3d Dep't 2007) (holding that the defendants willfully obstructed an insurance investigation after the insurance company sent numerous letters to the defendants through certified mail and confirmed that they were aware of the insurance investigation, but the defendants failed to respond or assist in the investigation). Thus, Plaintiff also satisfies prong (3) of the Thrasher test.

Because Jagdamba failed to cooperate with Plaintiff's investigation, Jagdamba breached a significant condition precedent of the Policy, and Plaintiff has no further duty to defend or indemnify Jagdamba in connection with Kenna's claim. See Columbus McKinnion Corp., 367 F. Supp. 3d at 152.

### 2. Kenna's Liability

Plaintiff improperly named Kenna as a defendant in this action. Kenna was not a party to the agreement at issue and was under no obligation to cooperate with Plaintiff in its investigation. For these reasons, Kenna is dismissed as a defendant from this action. See Underdog Trucking, LLC, Reggie Anders v. Verizon Services Corp., No. 09-CV-8918, 2010 WL 2900048, at *3 (S.D.N.Y. July 20, 2010) ("Generally, one who is not a party to a contract cannot be held liable for breach of that contract.").

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for Default Judgment (Dkt. No. 12) is **GRANTED in part and DENIED in part**. Plaintiff's request for default judgment against Jagdamba is **GRANTED**; and it is further

**ORDERED**, that the Clerk shall **TERMINATE** Kenna from the docket; and it is further

**ORDERED**, that the Clerk is directed to close this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      March 01, 2021
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge